UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| COLIN HAWKINS,<br>    Petitioner,<br><br>v.<br><br>GREGORY KIZZIAH, Warden,<br>    Respondent. | Civil Action No. 6:19-088-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Colin Hawkins is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Hawkins filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 2]. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Hawkins's petition.

In 2011, Hawkins was convicted of assisting in a riot, forcibly resisting an employee of the Bureau of Prisons, possessing a weapon in prison, and felony contempt of a court order. *See United States v. Hawkins*, No. 2:10-cr-004 (W.D. Va. 2011). The trial court then sentenced Hawkins to a total of 188 months in prison. *See id.* at R. 240. Hawkins filed a direct appeal, but the United States Court of Appeals for the Fourth Circuit affirmed the trial court's judgment. *See id.* at R. 276. Hawkins then unsuccessfully sought relief under 28 U.S.C. § 2255.

Hawkins has now filed a § 2241 petition with this Court. [R. 2]. Hawkins repeatedly claims that he is "actually innocent of the offenses" with which he was convicted, and he puts forth numerous arguments in support of his request for relief. [*Id.* at 10-34]. Among other things,

Hawkins claims that: (1) "the district court erred in dismissing petitioner's § 2255 claim that staff at USP-Lee failed to preserve exculpatory video footage;" (2) "the district court erred in dismissing petitioner's § 2255 claim that the government failed to disclose to the petitioner its intention to present a surprise witness;" (3) his trial attorney provided ineffective assistance of counsel; and (4) "the district court erred in dismissing petitioner's § 2255 claim that he is actually and factually innocent of participating in the riot based on newly discovered evidence without conducting an evidentiary hearing." [*Id.* at 10-19]. These are just some of the claims Hawkins puts forth in his submission, which this Court has fully reviewed. [*See id.* at 19-34]. Ultimately, Hawkins claims that the trial court in his underlying criminal case repeatedly violated his constitutional rights and, as a result, this Court should vacate his convictions and sentence.

Hawkins's § 2241 petition, however, constitutes an impermissible collateral attack on his underlying convictions and sentence. While a federal prisoner may challenge the legality of his convictions and sentence on direct appeal and in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Hawkins cannot use a § 2241 petition as a way of challenging his underlying convictions and sentence.

To be sure, there are limited exceptions under which federal prisoners have been permitted to challenge the validity of their convictions or sentences in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate that an intervening change in statutory law establishes his actual

2

innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or shows that his sentence was improperly enhanced, *see Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). In this case, Hawkins has not made such a showing. In fact, Hawkins has not clearly identified any intervening change in statutory law, let alone a change that establishes his actual innocence or shows that his sentence was erroneously enhanced. Instead, it appears that Hawkins is trying to litigate claims that are only appropriate on direct appeal and in a § 2255 motion.

Accordingly, it is **ORDERED** that:

1. Hawkins petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] is **DENIED**.

2. All pending motions are **DENIED** as moot.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A corresponding Judgment will be entered this date.

Dated April 10, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY